IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| J. R. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LIGHTHOUSE RECOVERY | ) |
| ASSOCIATES, LLC, d/b/a LRA, LLC, | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

## INTRODUCTION

1. Plaintiff J. R. Davis brings this action to secure redress against unlawful credit and collection practices engaged in by defendants Lighthouse Recovery Associates, LLC, d/b/a LRA, LLC and Lighthouse Recovery Associates, LLC, d/b/a LRA, LLC2. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq ("ICAA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367 and 15 U.S.C. §1692k (FDCPA).

5. Venue and personal jurisdiction over defendants in this District is proper because defendants' collection communications were received here.

## PARTIES

6. Plaintiff J. R. Davis is an individual who resides in Chicago, Illinois.

7. Defendant Lighthouse Recovery Associates, LLC, d/b/a LRA, LLC is a limited liability company chartered under Colorado law with its principal place of business in Colorado. Its registered agent and office is National Registered Agents, Inc., 1535 Grant Street, Suite 140, Denver, CO 80206.

8. Defendant Lighthouse Recovery Associates, LLC, d/b/a LRA, LLC is engaged in the business of collecting delinquent debts originally owed to third parties.

9. Defendant Lighthouse Recovery Associates, LLC, d/b/a LRA, LLC is a "debt collector" as defined in the FDCPA and a collection agency subject to the ICAA.

## FACTS

10. On or about Feb. 25, 2010, defendant Lighthouse Recovery Associates, LLC, d/b/a LRA, LLC, sent plaintiff's employer the document attached as Exhibit A.

11. At the time defendant was seeking to collect from plaintiff a debt allegedly incurred for personal, family or household purposes and not for business purposes.

12. Defendant did not warn plaintiff in writing five days prior to sending Exhibit A that defendant intended to contact plaintiff's employer.

13. Plaintiff was embarrassed and aggravated as a result.

14. Defendant's actions in sending Exhibit A were willful and malicious and carried out for the purpose of coercing the payment of money by interfering with plaintiff's employment.

## COUNT I – FDCPA

15. Plaintiff incorporates paragraphs 1-14.

16. The sending of <u>Exhibit A</u> violates 15 U.S.C. §1692c.

17. Section 1692c provides:

> **§ 1692c.     Communication in connection with debt collection [Section 805 of P.L.]**
>
> **. . . (b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .**

18. Section 1692b provides:

> **§ 1692b.     Acquisition of location information [Section 804 of P.L.]**
>
> **Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall--**
>
> **(1)     identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;**
>
> **(2)     not state that such consumer owes any debt;**
>
> **(3)     not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;**
>
> **(4)     not communicate by post card;**
>
> **(5)     not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and**
>
> **(6)     after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not**

> **communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector. . . .**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

      (1)    Statutory damages;

      (2)    Actual damages;

      (3)    Attorney's fees, litigation expenses and costs of suit;

      (4)    Such other or further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

19.    Plaintiff incorporates paragraphs 1-14.

20.    Defendant violated the following provisions of 225 ILCS 425/9:

> **. . . (14) Initiating or threatening to initiate communication with a debtor's employer unless there has been a default of the payment of the obligation for at least 30 days and at least 5 days prior written notice, to the last known address of the debtor, of the intention to communicate with the employer has been given to the employee, except as expressly permitted by law or court order. . . .**
>
> **(17) Disclosing or threatening to disclose information relating to a debtor's indebtedness to any other person except where such other person has a legitimate business need for the information or except where such disclosure is regulated by law.**

21.    Defendant violated the following provisions of 225 ILCS 425/9.2:

> **225 ILCS 425/9.2. (Effective January 1, 2008) Communication in connection with debt collection**
>
> **. . . (b) Except as provided in Section 9.1 of this Act [225-425/9.1], without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector or collection agency may not communicate, in connection with the collection of any debt, with any person other than the debtor, the debtor's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the collection agency. . . .**

22.    Section 9.1 provides:

225 ILCS 425/9.1. (Effective January 1, 2008) Communication with persons other than debtor

**Sec. 9.1. (a) Any debt collector or collection agency communicating with any person other than the debtor for the purpose of acquiring location information about the debtor shall:**

**(1) identify himself or herself, state that he or she is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his or her employer;**

**(2) not state that the consumer owes any debt;**

**(3) not communicate with any person more than once unless requested to do so by the person or unless the debt collector or collection agency reasonably believes that the earlier response of the person is erroneous or incomplete and that the person now has correct or complete location information;**

**(4) not communicate by postcard;**

**(5) not use any language or symbol on any envelope or in the contents of any communication effected by mail or telegram that indicates that the debt collector or collection agency is in the debt collection business or that the communication relates to the collection of a debt; and**

**(6) after the debt collector or collection agency knows the debtor is represented by an attorney with regard to the subject debt and has knowledge of or can readily ascertain the attorney's name and address, not communicate with any person other than the attorney, unless the attorney fails to respond within a reasonable period of time, not less than 30 days, to communication from the debt collector or collection agency.**

23. A private right of action exists for violation of the ICAA. <u>Sherman v. Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

        (1)    Compensatory and punitive damages;

        (2)    Costs.

        (3)    Such other and further relief as is appropriate.

        s/Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    &amp; GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\24267\Pleading\Complaint_Pleading.wpd

# EXHIBIT A



# Fax Coversheet



LRA, LLC
11551 E Arapahoe Rd #150
Centennial, CO 80112
Call Toll Free 866-520-1240 ext 0645
Local 720-279-0645
Fax 303-773-3576

TO: J R Davis or supervisor

Attn: H/R DEPT / Payroll Department                Sender Cliff Blake

Fax: ▬▬▬▬▬                    pages sent 2

Comments: 1st REQUEST

Thank you for your cooperation in this matter. Please provide J R Davis a copy for his/hers signed authorization and records. Thanks again, if you have any questions please contact Mr Blake at 1-866-520-1240 ext 0645.

IMPORTANT/CONFIDENTIAL: This Fax contains information from LRA, LLC, which may be privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately at the above email address or phone number.



**LRA, LLC**
11551 E. Arapohoe Road, Suite # 150
Centennial, CO 80112
Call Toll Free 866-520-1240



March 1, 2010

We Respectfully Request Confirmation of the following information provided on an application/contract. Please complete and return this form via fax to 303-773-3576 at your earliest convenience.

We would like to thank you in advance for your prompt attention to this matter.

Employer Name: _____ Ref #: ▇▇▇▇▇

Employee Name: J Davis _____ Employee SS#: ▇▇▇▇▇▇▇

Employee Signature (if, required by Employer): _____

Date of Hire: _____ Full Time: _____ Part Time: _____

Average Hours Worked per Week: _____

Employees Job Title: _____

Last Date of Employment (If Applicable): _____

Employer Physical Address: _____
_____
_____

Name of Person Completing this form: _____

Title: _____ Date: _____